■ VILLAGE OF POMONA, Appellant, v TOWN OF RAMAPO et al., Respondents. [943 NYS2d 146]—

In a hybrid action for a judgment declaring, inter alia, that Local Law No. 1 (2010) of Town of Ramapo is invalid, and proceeding pursuant to CPLR article 78 to review three determinations of the Town Board of the Town of Ramapo, all dated January 25, 2010, resolving to approve a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8) in connection with a proposed development project, to amend the Comprehensive Plan of the Town of Ramapo so as to permit the development project, and to rezone the real property on which the development project is proposed to be constructed, respectively, the plaintiff/petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated November 8, 2010, as granted those branches of the motion of the defendant/respondent Scenic Development, LLC, and the separate motion of the defendants/respondents Town of Ramapo, Town Board of the Town of Ramapo, and Planning Board of the Town of Ramapo which were pursuant to CPLR 3211 (a) (3) to dismiss the second cause of action, pursuant to CPLR 3211 (a) (3), (7) and 7804 (f) to dismiss the fourth and fifth causes of action, and pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the sixth cause of action.

Ordered that the notice of appeal from so much of the order as granted those branches of the separate motions which were pursuant to CPLR 3211 (a) (3), (7) and 7804 (f) to dismiss the fourth and fifth causes of action, and pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the sixth cause of action, is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal from those portions of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions which were pursuant to CPLR 3211 (a) (3), (7) and 7804 (f) to dismiss the fourth and fifth causes of action, and substituting therefor a provision denying those branches of the separate

motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this hybrid declaratory judgment action and proceeding pursuant to CPLR article 78, the Village of Pomona sought, among other things, to annul Local Law No. 1 (2010) of Town of Ramapo (hereinafter the Local Law) and the various resolutions leading up to the enactment of the Local Law. The Local Law amended the Town's zoning map, changing the zoning designation of a certain parcel of real property along the Town-Village border from R-40, which permits only single-family residences on lots with a minimum area of 40,000 square feet, to MR-8, which permits multi-family dwellings of eight units per acre, thereby allowing the development of a planned community by the owner of the real property, Scenic Development, LLC (hereinafter Scenic). The Village's complaint/petition (hereinafter the petition) asserted six causes of action challenging the Town's rezoning, based, inter alia, on alleged violations of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), the General Municipal Law, and the Town's prior Comprehensive Plan, which the Village alleged is the only validly enacted comprehensive plan. Scenic moved, and the Town, the Town Board of the Town of Ramapo, and the Planning Board of the Town of Ramapo (hereinafter collectively the Town defendants) separately moved, to dismiss the petition on several grounds, including the Village's lack of capacity to sue and lack of standing.

In the first instance, the arguments of the Town defendants and Scenic regarding the Village's capacity to sue are without merit (see Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 81-82 [2007]).

Nonetheless, the Supreme Court properly granted those branches of the respective motions of Scenic and the Town defendants which were pursuant to CPLR 3211 (a) (3) to dismiss, for lack of standing, the second cause of action, which sought a judgment declaring that the rezoning constituted improper and unconstitutional spot zoning that was inconsistent with the Town's Comprehensive Plan. As we held in Matter of Village of Chestnut Ridge v Town of Ramapo (45 AD3d 74 [2007]), villages "have no interest in [a] Town Board's compliance with . . . its comprehensive plan," since, unlike individuals who reside within the Town, "[villages] are beyond the bounds of the mutuality of restriction and benefit that underlies the comprehensive plan requirement" (id. at 88).

The Supreme Court also properly granted those branches of the respective motions of the Town defendants and Scenic which

were pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the sixth cause of action, which alleged that the rezoning violated General Municipal Law § 239-nn and, thus, was affected by error of law (*see* CPLR 7803 [3]). That section of the General Municipal Law provides, in pertinent part, that a legislative body having jurisdiction in a municipality shall give notice to an adjacent municipality when hearings are to take place regarding various proposed zoning actions affecting land located within five hundred feet of the adjacent municipality, and that "[s]uch adjacent municipality may appear and be heard" at the hearings (General Municipal Law § 239-nn [5]; *see* § 239-nn [3]). The purpose of the statute is to provide "an opportunity for abutting municipalities to participate in a public hearing held by the municipality [undertaking planning and zoning actions which may impact on those neighboring municipalities] and provide their input on the proposed planning or zoning action [so as to] encourage intergovernmental cooperation and area planning for land use among neighboring municipalities in New York state" (Senate Introducer Mem in Support, Bill Jacket, L 2005, ch 658, at 3). It is undisputed that notice was provided here and that the Village did, in fact, participate in the public hearings relating to the subject zoning action. The Supreme Court properly concluded that the statute does not create a right of action based on the Town's alleged disregard of the public policy of encouragement of the spirit of cooperation articulated in the statute.

However, the Supreme Court should have denied those branches of the motions which were pursuant to CPLR 3211 (a) (3), (7) and 7804 (f) to dismiss the fourth and fifth causes of action, which alleged violations of General Municipal Law § 239-m, and of SEQRA, respectively.

"[T]he right of a municipality to challenge the acts of its neighbors must be determined on the basis of the same rules of standing that apply to litigants generally" (*Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 86). "To establish standing under SEQRA, the petitioner[ ] must show (1) that [it] will suffer an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interest sought to be protected or promoted by SEQRA" (*id.* at 89-90 [internal quotation marks and citation omitted]; *see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 653 [2007]). "[V]illages may have standing to sue in

appropriate cases . . . where they have a demonstrated interest in the potential environmental impacts of the project" (*Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 91 [internal quotation marks and citations omitted]; *see Matter of Town of Babylon v New York State Dept. of Transp.*, 33 AD3d 617, 618-619 [2006]). Such a "demonstrated interest" sufficient to give a municipality SEQRA standing may be established based on a potential threat to community character (*see Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 92-94). "Community character is specifically protected by SEQRA" (*id.* at 94). "The power to define the community character is a unique prerogative of a municipality acting in its governmental capacity . . . Substantial development in an adjoining municipality can have a significant detrimental impact on the character of a community . . . thereby limiting the ability of the affected municipality to determine its community character" (*id.* at 94-95 [citations omitted]).

In the fifth cause of action, the Village alleged, inter alia, that the Town failed to comply with its obligation under SEQRA "to identify and take a 'hard look' at potential significant adverse impacts resulting from the zone change for the subject property, including community character." In its review of the proposed amendments to the Town's Comprehensive Plan and zoning law pursuant to the General Municipal Law, the Rockland County Planning Department (hereinafter the County Planning Department) noted, among other things, that the proposed amendments would "almost quadruple the current allowable residential density on this site," and commented that "the location of an MR-8 zoning district immediately adjacent to an R-40 zoning district is not . . . consistent with the community character of the surrounding rural density zones in unincorporated Ramapo or the low density zones in the adjacent Villages of Pomona and Wesley Hills." The County Planning Department expressed concern that the proposed "ring of single-family residences around the perimeter of the multi-family housing development may not be a sufficient buffer particularly since the majority of single-family homes will not be constructed until the final phases of the project."

"The unique nature of a municipality's environmental interests . . . requires that the inquiry into its environmental standing not be a mechanical one, particularly in light of the established preference that the issues presented by land use disputes be decided on the merits . . . rather than by a 'heavy-handed' approach to standing" (*Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 92 [citations omitted]).

Applying these principles, we conclude that the Village established a "demonstrated interest in the potential environmental impacts" of the Town's rezoning law and related resolutions sufficient to give it SEQRA standing (*Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 92-94). Contrary to the Supreme Court's conclusion, the Village did not have to show, in opposition to the motions, that the proposed development "would be visible from any particular Pomona neighborhoods" or that "the plans call for clear-cutting and/or a lack of plantings or other visual barriers," and the Village did not have to explain in further detail how the significant increase in density would specifically affect the character of the community (*see Matter of Eastern Oaks Dev., LLC v Town of Clinton*, 76 AD3d at 678; *Matter of Bloodgood v Town of Huntington*, 58 AD3d at 621; *Matter of Zaidins v Hashmall*, 288 AD2d at 316-317).

There is no merit to Scenic's argument that the Village failed to exhaust its administrative remedies available under SEQRA. The Village submitted an affidavit of its mayor, establishing that, contrary to Scenic's contention, the Village participated in the public hearing by testifying in opposition to the zoning change and filed comments and objections expressing the same concerns raised in this proceeding. Scenic failed to submit any evidence controverting the mayor's statements.

Accordingly, the Supreme Court erred in granting those branches of the respective motions of Scenic and the Town defendants which were pursuant to CPLR 3211 (a) (3), (7) and 7804 (f) to dismiss the fifth cause of action.

Further, contrary to the Supreme Court's determination, the fourth cause of action adequately alleges a cognizable cause of action, in effect, pursuant to CPLR 7803 (3), alleging that the Local Law and the resolutions underlying it were adopted in violation of the procedures mandated by General Municipal Law § 239-m (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, while the fourth cause of action may have been "inartfully" pleaded (*Leon v Martinez*, 84 NY2d at 88), the appellant adequately alleged a viable cause of action, in effect, for "procedural infirmities in the adoption of the [rezoning] law under the . . . General Municipal Law" (*Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 79; CPLR 7803 [3]). That the Town facially complied with the procedural steps required by the statute is not dispositive of the question as to whether it did so adequately.

Moreover, the Village has standing to assert the fourth cause of action. The purpose of General Municipal Law § 239-m, which

governs the review process by a county planning agency of a municipality's proposed planning and zoning actions, is to " 'bring pertinent inter-community and county-wide planning, zoning, site plan and subdivision considerations to the attention of neighboring municipalities and agencies having jurisdiction' (General Municipal Law § 239-*l* [2]) and by so doing to facilitate regional review of land use proposals that may be of regional concern" (*Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d at 88-89). "Because [an] adjoining municipalit[y] necessarily [has] the same interest [as individual neighbors] in the regional review that General Municipal Law § 239-m requires, the Village[ ] also [has] standing to assert such claims" (*id.* at 89).

Accordingly, the Supreme Court erred in granting those branches of the respective motions of Scenic and the Town defendants which were pursuant to CPLR 3211 (a) (3), (7) and 7804 (f) to dismiss the fourth cause of action. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.