Matter of City of Rye v Westchester County Bd. of Legislators (2019 NY Slip Op 01212)





Matter of City of Rye v Westchester County Bd. of Legislators


2019 NY Slip Op 01212


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-04533
 (Index No. 61197/16)

[*1]In the Matter of City of Rye, et al., appellants,
v
Westchester County Board of Legislators, et al., respondents.


Sive Paget & Riesel P.C., New York, NY (Dan Chorost and Jonathan Kalmuss-Katz of counsel), for appellants.
John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin of counsel), for respondents Westchester County Board of Legislators and Westchester County Planning Department.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Virginia K. Trunkes of counsel), for respondent Standard Amusements, LLC.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Westchester County Board of Legislators dated May 2, 2016, adopting a negative declaration under the State Environmental Quality Review Act, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated March 20, 2017. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioners, the City of Rye, Joseph A. Sack, and Richard Mecca, commenced this proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Westchester County Board of Legislators dated May 2, 2016, adopting a negative declaration under the State Environmental Quality Review Act (hereinafter SEQRA). The SEQRA determination related to several proposed development projects at Playland Park, an amusement park located in the City of Rye, and owned by the County of Westchester. The Supreme Court, in effect, denied the petition and dismissed the proceeding, concluding that the petitioners lacked standing. The petitioners appeal.
We agree with the Supreme Court's determination that the City of Rye does not have standing to maintain this proceeding based on its status as an "involved agency" (see 6 NYCRR 617.2[t]). The court properly employed the "balancing of public interests" test enunciated by the Court of Appeals in Matter of County of Monroe (City of Rochester) (72 NY2d 338, 341), and determined that the subject development projects are immune from local zoning and land use laws (see Town of Hempstead v State of New York, 42 AD3d 527, 529; Matter of King v County of Saratoga Indus. Dev. Agency, 208 AD2d 194, 200).
We also agree with the Supreme Court's determination that the petitioners failed to demonstrate that the City of Rye has standing based on any demonstrated interest in the potential environmental impacts of the development projects on the City of Rye's community character (cf. Matter of Town of Woodbury v County of Orange, 114 AD3d 951, 953; Village of Pomona v Town of Ramapo, 94 AD3d 1103, 1107; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 91).
With respect to the individual petitioners, we agree with the Supreme Court's determination that Mecca failed to demonstrate his entitlement to a presumption of standing based on the proximity of his home to the development projects (see Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 728; Matter of Gallahan v Planning Bd. of City of Ithaca, 307 AD2d 684, 685), and that neither Mecca nor Sack demonstrated their entitlement to standing by showing an injury-in-fact that fell within the zone of interests protected by SEQRA (see Matter of East End Prop. Co. #1, LLC v Town Bd. of Brookhaven, 56 AD3d 773, 778; Matter of Long Is. Pine Barrens Soc. v Planning Bd. of Town of Brookhaven, 213 AD2d 484, 485).
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court