Matter of Vasser v City of New Rochelle (2020 NY Slip Op 00868)





Matter of Vasser v City of New Rochelle


2020 NY Slip Op 00868


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-11116
 (Index No. 57315/17)

[*1]In the Matter of Shmuel Vasser, et al., appellants,
v
City of New Rochelle, et al., respondents.


Shmuel Vasser, Joseph Rafalowicz, and Daniel Krasner, New Rochelle, NY, appellants pro se.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh and Mathew T. Dudley of counsel), for respondents City of New Rochelle, City Council of the City of New Rochelle, and City of New Rochelle Planning Board.
Zarin & Steinmetz, White Plains, NY (David S. Steinmetz, Daniel M. Richmond, and Katelyn E. Ciolino of counsel), for respondent ND Acquisition, LLC.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, inter alia, to vacate and declare invalid (1) an ordinance adopted by the respondent City Council of the City of New Rochelle dated January 17, 2017, granting the application of the respondent ND Acquisition, LLC, to amend Code of the City of New Rochelle § 331-85 and the City of New Rochelle Zoning Map to apply senior citizen zone overlay district zoning to certain real property located in the City of New Rochelle, and (2) a resolution of the respondent City Council of the City of New Rochelle, also dated January 17, 2017, issuing a negative declaration of environmental significance pursuant to the State Environmental Quality Review Act (ECL art 8) concerning the amendment of the zoning code and map, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated September 14, 2017. The order and judgment, insofar as appealed from, granted those branches of the motion of the respondents/defendants City of New Rochelle, City Council of the City of New Rochelle, and City of New Rochelle Planning Board, and the separate motion of the respondent/defendant ND Acquisition, LLC, which were pursuant to CPLR 3211(a) and 7804 to dismiss the petition/complaint for lack of standing, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding to challenge, inter alia, the approval by the respondent/defendant City Council of the City of New Rochelle of the construction of a senior citizen residence on certain real property located in the City of New Rochelle approximately 1,200 feet to 1,800 feet from their respective homes. The respondents/defendants City of New Rochelle, City Council of the City of New Rochelle, and City [*2]of New Rochelle Planning Board moved, and the respondent/defendant ND Acquisition, LLC, separately moved, inter alia, pursuant to CPLR 3211(a) and 7804 to dismiss the petition/complaint on the ground that the petitioners lacked standing. The Supreme Court, inter alia, granted those branches of the separate motions which were to dismiss the petition/complaint on the ground that the petitioners lacked standing.
"Standing is, of course, a threshold requirement for a plaintiff seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). The petitioner "has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated" (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6). Additionally, in land use matters, the petitioner " must show that it would suffer direct harm, injury that is in some way different from that of the public at large'" (Matter of Sierra Club v Village of Painted Post, 26 NY3d 301, 310, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774). Allegations of harm must not be conclusory or speculative (see e.g. Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 808).
Here, the petitioners' residences are not adjacent to the subject property, but are several streets and building lots away from it and are separated from it by another housing complex. Moreover, the speculative and unsubstantiated claims of potential harm alleged in the petition failed to make the requisite showing that the petitioners would suffer any direct injury-in-fact different in kind or degree from that experienced by the public at large, and therefore failed to satisfy the petitioners' burden of establishing that they had standing to commence this proceeding/action (see Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 944; Matter of Riverhead Neighborhood Preserv. Coalition, Inc. v Town of Riverhead Town Bd., 112 AD3d 944, 944-945; Matter of Gallahan v Planning Bd. of City of Ithaca, 307 AD2d 684, 685). Accordingly, we agree with the Supreme Court's determination granting those branches of the separate motions of the respondents/defendants which were to dismiss the petition/complaint for lack of standing.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.

2017-11116 DECISION & ORDER ON MOTION
In the Matter of Shmuel Vasser, et al., appellants,
v City of New Rochelle, et al., respondents.
(Index No. 57315/17)

Motion by the respondent ND Acquisition, LLC, inter alia, to strike stated portions of the appellants' brief on an appeal from an order of the Supreme Court, Westchester County, dated September 14, 2017, on the grounds that the arguments contained in those portions of the brief have been rendered academic, refer to matter dehors the record, or improperly raise issues for the first time on appeal. By decision and order on motion of this Court dated March 15, 2018, that branch of the motion which is to strike stated portions of the appellants' brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the [*3]appellants' brief is granted to the extent that the following portions of the appellants' brief are stricken and have not been considered in the determination of the appeal: (1) Point I; (2) the first full paragraph on page 28; (3) the second paragraph on page 30 to the second paragraph on page 31; and (4) the second paragraph on page 32; and that branch of the motion is otherwise denied.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court