Matter of Sierra Club v Town of N. Castle, NY (2021 NY Slip Op 06693)





Matter of Sierra Club v Town of N. Castle, NY


2021 NY Slip Op 06693


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-04394
 (Index No. 61103/17)

[*1]In the Matter of Sierra Club, appellant, 
v
Town of North Castle, NY, et al., respondents-respondents, et. al., respondent.


Lippes & Lippes, Buffalo, NY (Richard J. Lippes of counsel), for appellant.
Stephens, Baroni, Reilly & Lewis, LLP, White Plains, NY (Gerald D. Reilly of counsel), for respondents-respondents Town of North Castle, NY, Town of North Castle, NY Planning Board, and Town of North Castle Town Board.
Cuddy & Feder LLP, White Plains, NY (William S. Null, Andrew P. Schriever, and Leanne M. Shofi of counsel), for respondent-respondent 11 New King Street, LLC.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Town of North Castle Town Board dated June 28, 2017, adopting a resolution enacting Local Law No. 3 of 2017, which amended the Town of North Castle zoning ordinance to allow structured parking as a special permit use in the Industrial AA zoning district, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 16, 2018. The order and judgment granted the separate motions of the respondent 11 New King Street, LLC, and the respondents Town of North Castle, NY, Town of North Castle, NY Planning Board, and Town of North Castle Town Board pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against each of them and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to annul the adoption of Local Law No. 3 of 2017 of the Town of North Castle (hereinafter the Local Law), which amended the Town's zoning ordinance to allow structured parking as a special permit use in the Industrial AA zoning district. The Local Law was adopted in connection with an application by the respondent 11 New King Street, LLC (hereinafter King Street), to construct a multilevel, automated parking garage to provide additional parking for the Westchester County Airport. King Street moved, and the respondents Town of North Castle, NY, Town of North Castle, NY Planning Board, and Town of North Castle Town Board (hereinafter collectively the Town respondents) separately moved, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition insofar as asserted against each of them on the ground, among others, that petitioner lacked standing. In an order and judgment dated March 16, 2018, the Supreme Court granted the separate motions on the ground that the petitioner lacked standing and dismissed the proceeding. The petitioner appeals.
In land use matters especially, for standing purposes the petitioner must show that it would suffer direct harm, injury that is in some way different in kind or degree from that of the public at large (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774-775). Moreover, allegations of harm must not be conclusory or speculative (see Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 808).
Here, the petitioner failed to establish that its members would suffer an injury that is in some way different in kind or degree from that of the public at large as a result of the project (see Matter of Clean Water Advocates of N.Y., Inc. v New York State Dept. of Envtl. Conservation, 103 AD3d 1006, 1008). Furthermore, the petitioner's allegations regarding potential harms resulting from the project were conclusory and unsubstantiated (see Matter of Vasser v City of New Rochelle, 180 AD3d 691, 692; Matter of Shapiro v Torres, 153 AD3d 835, 836).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the separate motions of King Street and the Town respondents to dismiss the petition insofar as asserted against each of them for lack of standing and dismissed the proceeding.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court