Matter of County of Orange v City of New York (2024 NY Slip Op 05796)

Matter of County of Orange v City of New York

2024 NY Slip Op 05796

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-05939
 (Index No. 3109/23)

[*1]In the Matter of County of Orange, et al., petitioners/plaintiffs-respondents, 
v
City of New York, et al., respondents/defendants-appellants, et al., respondents/defendants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Richard Dearing, Devin Slack, Ingrid R. Gustafson, Kate Fletcher, and Chase Henry Mechanick of counsel), for respondents/defendants-appellants.
Bleakley Platt & Schmidt, LLP, White Plains, NY (David H. Chen and Vincent W. Crowe of counsel), for petitioners/plaintiffs-respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, the respondents/defendants City of New York, Eric Adams, and Molly Wasow Park appeal from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated June 20, 2023. The order, insofar as appealed from, granted the petitioners/plaintiffs' motion for a preliminary injunction and denied those branches of the cross-motion of the respondents/defendants City of New York, Eric Adams, and Molly Wasow Park which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the second, third, fourth, and fifth causes of action insofar as asserted against them.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted that branch of the petitioners/plaintiffs' motion which was for a preliminary injunction in connection with the causes of action seeking relief pursuant to CPLR article 78 and denied that branch of the cross-motion of the respondents/defendants City of New York, Eric Adams, and Molly Wasow Park which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the causes of action seeking relief pursuant to CPLR article 78 is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the petitioners/plaintiffs' motion for a preliminary injunction is denied, and those branches of the cross-motion of the respondents/defendants City of New York, Eric Adams, and Molly Wasow Park which were pursuant to CPLR 3211(a) and 7804(f) to dismiss the second, third, fourth, and fifth causes of action insofar as asserted against them are granted.
In May 2023, the petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief against the respondents/defendants City of New York, Eric Adams, and Molly Wasow Park (hereinafter collectively the City respondents), among others, alleging, inter alia, that the City [*2]respondents exceeded their authority in offering asylum seekers temporary shelter at the City's expense in hotels within Orange County. The petitioners moved for a preliminary injunction enjoining the City respondents from transporting any further homeless adult individuals residing in a temporary shelter in the City to hotels within the County. The City respondents cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against them. In an order dated June 20, 2023, the Supreme Court, among other things, granted the petitioners' motion for a preliminary injunction and denied those branches of the City respondents' cross-motion which were to dismiss the second, third, fourth, and fifth causes of action insofar as asserted against them.
"Standing is . . . a threshold requirement for a plaintiff [or petitioner] seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). "'[T]he right of a municipality to challenge the acts of its neighbors must be determined on the basis of the same rules of standing that apply to litigants generally'" (Village of Pomona v Town of Ramapo, 94 AD3d 1103, 1105, quoting Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 86). "The [plaintiff or] petitioner 'has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated'" (Matter of Vasser v City of New Rochelle, 180 AD3d 691, 692, quoting Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6). "Allegations of harm must not be conclusory or speculative" (id.).
Here, the petitioners did not allege any legally cognizable injury with respect to anticipated future costs that might be incurred by the County as a result of the City respondents' actions. "The Social Services Law is a general law which addresses matters of State-wide concern" (Matter of County of Niagara v Shaffer, 201 AD2d 786, 787). Social Services Law § 62(5)(b) provides, in relevant part, that a city that provides care for a person in a home or other facility outside of its territory shall continue to be responsible for payment for such care as long as the recipient is in need thereof. The petitioners' concerns regarding the City respondents' use of commercial hotels to provide emergency housing assistance on a temporary basis are outside the zone of interests that the Social Services Law seeks to protect (see id. § 62[1], [5][b]; 18 NYCRR 491.2[f]; 491.4; Matter of Beaudoin v Toia, 45 NY2d 343, 347; Matter of Greenville Fire Dist. v Town Bd. of the Town of Greenburgh, 202 AD3d 956, 959). Moreover, the petitioners' generalized allegations that the City respondents' use of hotels in the County to provide emergency housing assistance on a temporary basis may result in future costs to the County if those residents leave the City respondents' care and subsequently require public services are conclusory and speculative and, therefore, insufficient to establish standing (see Matter of Greenville Fire Dist. v Town Bd. of the Town of Greenburgh, 202 AD3d at 959; Matter of Vasser v City of New Rochelle, 180 AD3d at 692).
Accordingly, the Supreme Court should have denied the petitioners' motion for a preliminary injunction and granted those branches of the City respondents' cross-motion which were to dismiss the second, third, fourth, and fifth causes of action insofar as asserted against them (see CPLR 3211[a][3]).
In light of our determination, we need not consider the parties' remaining contentions (see 159-MP Corp. v CAB Bedford, LLC, 181 AD3d 758, 762).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court