Matter of 292 Bedford, LLC v City of New York

2026 NY Slip Op 02980

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of 292 Bedford, LLC, petitioner/plaintiff-appellant,

v

City of New York, et al., respondents/defendants-respondents, et al., respondents/defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2023-04247, 2023-05122, (Index No. 506451/22)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Ratschko Wallace PLLC, New York, NY (Jonathan Wallace of counsel), for petitioner/plaintiff-appellant.

Steven Banks, Corporation Counsel, New York, NY (Jane L. Gordon and Jonathan A. Popolow of counsel), for respondents/defendants-respondents City of New York, New York City Department of City Planning, New York City Planning Commission, New York City Council, Brooklyn Community Board CB 1, and Brooklyn Borough President.

Fried, Frank, Harris, Shriver & Jacobson LLP, New York, NY (Janice Mac Avoy and Justin J. Santolli of counsel), for respondent/defendant-respondent River Street Partners, LLC.

[*1]

DECISION & ORDER

In a hybrid proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York City Council dated December 15, 2021, which granted the applications of the respondent/defendant River Street Partners, LLC, with respect to the development of property located in the Williamsburg neighborhood of Brooklyn, and action for declaratory relief, the petitioner/plaintiff appeals from (1) an order and interlocutory judgment (one paper) of the Supreme Court, Kings County (Carl J. Landicino, J.), dated March 1, 2023, and (2) a judgment of the same court (Joy F. Campanelli, J.) dated April 4, 2023. The order and interlocutory judgment granted the motion of the respondent/defendant River Street Partners, LLC, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against it, and dismissed the proceeding/action insofar as asserted against that respondent/defendant. The judgment denied the remainder of the petition and dismissed the proceeding/action.

ORDERED that the order and interlocutory judgment is affirmed; and it is further,

ORDERED that the judgment is affirmed; and it is further,

ORDERED that one bill of costs is awarded to the respondents/defendants appearing separately and filing separate briefs.

The respondent/defendant River Street Partners, LLC (hereinafter River Street), [*2]applied to the respondents/defendants New York City Planning Commission and New York City Council (hereinafter together the City respondents) for, among other things, amendments to the Zoning Map and for a Zoning Resolution and two special use permits so that it could develop certain parcels of waterfront property located in the Williamsburg neighborhood of Brooklyn (hereinafter the project site). The City respondents, after review and public hearings, approved River Street's proposed development of the project site and granted River Street's applications. Thereafter, the petitioner/plaintiff, 292 Bedford, LLC (hereinafter the petitioner), which owns real property approximately 0.4 miles from the project site, commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief challenging the approval of River Street's proposed development of the project site. River Street moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against it on the ground that the petitioner lacked standing. In an order and interlocutory judgment dated March 1, 2023, the Supreme Court granted River Street's motion and dismissed the proceeding/action insofar as asserted against River Street. Thereafter, in a judgment dated April 4, 2023, the court denied the remainder of the petition and dismissed the proceeding/action. The petitioner appeals.

"Standing is, of course, a threshold requirement for a plaintiff seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211; see Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals, 210 AD3d 1079, 1082). "In land use matters especially, for standing purposes the petitioner must show that it would suffer direct harm, injury that is in some way different in kind or degree from that of the public at large" (Matter of Sierra Club v Town of N. Castle, NY, 200 AD3d 694, 695; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769). "[A]llegations of harm must not be conclusory or speculative" (Matter of Sierra Club v Town of N. Castle, NY, 200 AD3d at 695). "When zoning and variances are at issue, 'an inference of direct harm may arise from the petitioner's proximity to the property that is the subject of the administrative action: the closer the petitioner, the stronger the inference'" (Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d 950, 952, quoting Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 807). However, "[c]lose proximity alone is insufficient to confer standing where there are no zoning issues involved, and general environmental concerns will not suffice" (Matter of Shapiro v Torres, 153 AD3d 835, 836).

Here, the petitioner's property is too far a distance from the project site to allow a presumption of injury-in-fact (see Matter of Nunnally v Zoning Bd. of Appeals of the Town of New Windsor, 217 AD3d at 952; Matter of Vasser v City of New Rochelle, 180 AD3d 691, 692). Moreover, the petitioner failed to show, beyond merely conclusory and speculative allegations, that it would suffer a cognizable injury that is in some way different in kind or degree from that of the public at large (see Matter of Sierra Club v Town of N. Castle, NY, 200 AD3d at 695; Matter of Riverhead Neighborhood Preserv. Coalition, Inc. v Town of Riverhead Town Bd., 112 AD3d 944, 944).

Accordingly, the Supreme Court properly concluded that the petitioner lacks standing.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court