[11 NE3d 188, 988 NYS2d 115]

In the Matter of the ASSOCIATION FOR A BETTER LONG ISLAND, INC., et al., Petitioners, and TOWN OF RIVERHEAD et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.

Argued February 12, 2014; decided April 1, 2014

**POINTS OF COUNSEL**

*Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP*, River-head (*Frank A. Isler* of counsel), for appellants. I. A property owner affected by illegally adopted regulatory amendments must have standing to assert their invalidity at the time of adoption; otherwise the actions of the administrative agency will not be subject to review by the courts. (*Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761; *Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation*, 18 NY3d 289; *Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation*, 75 NY2d 88; *Matter of New York Constr. Materials Assn., Inc. v New York State Dept. of*

*Envtl. Conservation,* 83 AD3d 1323; *Riccelli Enters., Inc. v New York State Dept. of Envtl. Conservation,* 30 Misc 3d 573; *Matter of Transportation Alternatives v Gotbaum,* 199 AD2d 53; *Community Hous. Improvement Program v New York State Div. of Hous. & Community Renewal,* 175 AD2d 905; *Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524; *Matter of Schulz v Lake George Park Commn.,* 180 AD2d 852.) II. The Appellate Division's holding that the Town of Riverhead's facial challenge to the amendments as ultra vires is not ripe for review is contrary to this Court's established precedents. (*Klostermann v Cuomo,* 61 NY2d 525; *Community Hous. Improvement Program v New York State Div. of Hous. & Community Renewal,* 175 AD2d 905; *Amazon.com, LLC v New York State Dept. of Taxation & Fin.,* 81 AD3d 183; *Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation,* 75 NY2d 88.)

*Eric T. Schneiderman, Attorney General,* Albany (*Andrew B. Ayers, Barbara D. Underwood* and *Andrea Oser* of counsel), for respondents. I. The Town of Riverhead fails to establish standing for its procedural claims because it alleges no injury in fact within any relevant zone of interests. (*Matter of Gernatt Asphalt Prods. v Town of Sardinia,* 87 NY2d 668; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Matter of Save the Pine Bush, Inc. v Common Council of City of Albany,* 13 NY3d 297; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.,* 5 NY3d 30; *New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207; *Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo,* 64 NY2d 233; *American Ins. Assn. v Chu,* 64 NY2d 379; *Weingarten v Town of Lewisboro,* 77 NY2d 926; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510; *Little Joseph Realty v Town of Babylon,* 41 NY2d 738.) II. The Town of Riverhead fails to establish standing for its substantive claims, which have not yet even accrued. (*Solnick v Whalen,* 49 NY2d 224; *Walton v New York State Dept. of Correctional Servs.,* 8 NY3d 186; *Klostermann v Cuomo,* 61 NY2d 525.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

Petitioners Town of Riverhead and Town of Riverhead Community Development Agency (Riverhead) seek to challenge 2010 amendments to the regulations of respondent Department of

Environmental Conservation (DEC). The issue presented is whether petitioners have standing to challenge these amendments. We find that petitioners can proceed with three of their procedural claims, but that they lack standing with respect to the substantive causes of action.

In November 2010, the Division of Fish, Wildlife and Marine Resources of the DEC, adopted amendments to 6 NYCRR part 182, pertaining to the protection of endangered and threatened species. Although DEC had the preexisting authority to prohibit the intentional taking (e.g., hunting or trapping) of endangered or threatened species (*see* ECL 11-0535), the amendments established a formal process through which individuals could obtain a permit to allow for the incidental taking of such species. As amended, the regulations provide that individuals seeking an incidental take permit must submit a mitigation plan for minimizing the impact to endangered or threatened species, which must result in a net conservation benefit to the subject species (*see* 6 NYCRR 182.11 [a]).[1]

Riverhead owns approximately 3,000 acres of real property known as Enterprise Park at Calverton (EPCAL). The land, formerly the Grumman manufacturing facility site, was conveyed to petitioner by the United States Navy, pursuant to an act of Congress, for the express purpose of economic redevelopment. The property is apparently the habitat of at least two endangered or threatened species and will be subject to and affected by the amendments.

Riverhead commenced this hybrid CPLR article 78 proceeding/ declaratory judgment action within four months of the promulgation of these amendments, claiming procedural flaws in their adoption and challenging their substance. The first three causes of action alleged procedural violations concerning DEC's failure to comply with certain provisions of the Environmental Conservation Law and State Administrative Procedure Act (SAPA)— specifically, failing to refer the proposed amendments to the State Environmental Board, failing to hold public hearings and

---

1. The regulations define a net conservation benefit as: "a successful enhancement of the species' subject population, successful enhancement of the species' overall population or a contribution to the recovery of the species within New York. To be classified as a net conservation benefit, the enhancement or contribution must benefit the affected species listed as endangered or threatened in this Part or its habitat to a greater degree than if the applicant's proposed activity were not undertaken" (6 NYCRR 182.2 [n]).

failing to properly evaluate and analyze the potential regulatory impacts. The fourth cause of action alleged a failure to take the necessary hard look under the State Environmental Quality Review Act (SEQRA) and the remaining, substantive, causes of action alleged that the amendments were ultra vires, constituted an impermissible regulatory taking and were irrational, arbitrary and capricious. DEC moved to dismiss, arguing that petitioners lacked standing and that the proceeding was not ripe for judicial review.

Supreme Court granted DEC's motion and dismissed the proceeding, finding both that the causes of action were not ripe and that petitioners did not have standing (35 Misc 3d 786, 797 [Sup Ct, Albany County 2011]). The Appellate Division affirmed, concluding that, although the procedural claims were ripe, petitioners lacked standing on any claim by virtue of their failure to allege an injury-in-fact (97 AD3d 1085, 1086 [3d Dept 2012]). The Court also found that the substantive challenges were not yet ripe, since any alleged harm was speculative until petitioners filed an application and the agency implemented the regulations at issue. This Court granted petitioners leave to appeal (20 NY3d 852 [2012]), and we now modify by reinstating the procedural causes of action.

"Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]). Petitioner has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated (*see Society of Plastics*, 77 NY2d at 772-773). In land use matters, moreover, petitioner "must show that it would suffer direct harm, injury that is in some way different from that of the public at large" (*Society of Plastics*, 77 NY2d at 774). These requirements ensure that the courts are adjudicating actual controversies for parties that have a genuine stake in the litigation (*see Society of Plastics*, 77 NY2d at 773-774).

However, we have also recognized that standing rules "should not be heavy-handed" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413 [1987]). Rather, we have been reluctant to apply these principles in an overly restrictive manner where the result would be to completely shield a particular action from judicial review

(*Matter of Har Enters. v Town of Brookhaven*, 74 NY2d 524, 529 [1989]).

Riverhead's first cause of action alleges that DEC violated ECL 3-0301 (2) (a) by failing to obtain the advice and approval of the State Environmental Board prior to adopting the amendments.[2] The second cause of action asserts that DEC failed to conduct public hearings, as required by ECL 3-0301 (2) (a) and section 202 of the State Administrative Procedure Act. Riverhead further alleges that the failure to conduct the hearings prevented them "from obtaining a full airing of the issues and impacts surrounding the new and substantial requirements that would be imposed by the Amendments if adopted." In the third cause of action, Riverhead maintains that DEC violated the requirements of State Administrative Procedure Act § 202-a (3) (c) by failing to provide a regulatory impact statement that properly evaluated and analyzed the projected costs of the amendments.

■ Under the circumstances presented, Riverhead has standing to maintain the above procedural claims. Petitioners, governmental entities titled to land for the purpose of redevelopment, whose property is subject to the amended regulations, have alleged a sufficient injury-in-fact for these purposes. We do not, and need not, decide whether land ownership, by itself, could satisfy the injury requirement. As the United States Supreme Court has recognized, a litigant's " 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require" (*Lujan v Defenders of Wildlife*, 504 US 555, 564 [1992]). Here, however, there is more than an amorphous allegation of potential future injury. Petitioners have asserted a concrete interest in the matter the agency is regulating, and a concrete injury from the agency's failure to follow procedure. Moreover, in connection with Riverhead's prior proposal to subdivide the land at issue, DEC provided them with an outline for a comprehensive habitat protection plan and indicated its intention to serve as lead agency for the purposes of SEQRA review. Petitioners' allegations are sufficient to satisfy the requirements that they have an actual stake in the litigation

---

2. The State Environmental Board was eliminated and the statutory requirement was removed in 2012 (L 2012, ch 60, § 1, part D, § 44), but petitioners allege that the Board's lack of approval in 2010 renders the amendment invalid.

and suffer a harm that is different from that of the public at large (see Lujan, 504 US at 572-573 n 7, 8 [an individual can enforce procedural rights—which have been recognized as "special"—"so long as the procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing"]).

Petitioners further allege that the violation of these procedural statutes deprived them of an adequate "airing" of the relevant issues and impacts of the proposed amendments, as well as an accurate assessment of the projected costs involved. The asserted statutory provisions set forth certain procedural steps to be followed when promulgating rules or regulations. The alleged violations, including the deprivation of an opportunity to be heard, constitute injuries to petitioners within the zone of interests sought to be protected by the statutes. Most significantly, to deny petitioners standing in this case would have the effect of insulating these amendments from timely procedural challenge—a result that is contrary to the public interest (see Har Enters., 74 NY2d at 529). Given the compressed four-month statute of limitations (see State Administrative Procedure Act § 202 [8]), we would be erecting an "impenetrable barrier" to any review of this facet of the administrative action (see generally Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 589 [1998]). Therefore, we find that petitioners have adequately alleged standing to contest the procedural claims. As the Appellate Division found, the procedural claims are ripe because the regulations have been promulgated and are in effect (see Matter of Essex County v Zagata, 91 NY2d 447, 453 [1998]).

The above-referenced factors are adequate to satisfy the jurisprudential concerns underlying the standing doctrine. Specifically, petitioners, whose property is directly affected by the amendments, face a concrete injury within the zone of interests protected by the procedural statutes. It is plain that this case does not present the risk that the courts will be adjudicating the rights of individuals who have only a tangential stake in the litigation. And we certainly do not hold that any individual who simply alleges a failure to follow SAPA requirements would have standing. Rather, the universe of potential plaintiffs is suitably delimited (see Society of Plastics, 77 NY2d at 779).

■ The fourth cause of action, asserting that DEC issued a negative declaration without taking the necessary hard look

under SEQRA, however, was properly dismissed as petitioners fail to allege any environmental harm. They assert that the regulations will impede their ability to develop the property and will cause them to incur substantial costs. As we have consistently held, "economic injury [alone] does not confer standing to sue under SEQRA" (*Society of Plastics*, 77 NY2d at 777; *see also Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996]; *Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433 [1990]), since it is not within the zone of interests sought to be protected by the statute.

■ Petitioners likewise lack standing to pursue their substantive claims. Indeed, those claims are not yet ripe as there has been no final agency action inflicting concrete harm (*see Matter of Gordon v Rush*, 100 NY2d 236, 242 [2003]). Until petitioners submit a permit application and DEC imposes the requirements of the amended regulations to their detriment, allegations that they are affected by those requirements through an encumbrance on their property or the imposition of costs are too speculative. There is, as of yet, no actual injury caused by the substantive provisions of the amended regulations. Relatedly, our finding of lack of standing as to the substantive claims does not create an "impenetrable barrier" to review, since the statute of limitations does not start to run until the agency issues a determination of a permit application.

Accordingly, the order of the Appellate Division should be modified, without costs, by reinstating appellants' first, second and third causes of action and, as so modified, affirmed.

Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order modified, without costs, by reinstating appellants' first, second and third causes of action and, as so modified, affirmed.