■ SEPHRONIA BRAVO et al., Appellants, v STATE OF NEW YORK et al., Respondents, et al., Defendants. [11 NYS3d 138]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 17, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the first through fifth causes of action in the complaint on the ground of lack of standing, unanimously modified, on the law, to deny defendants' motions with respect to plaintiff Sephronia Bravo, remand the matter to Supreme Court for consideration of defendants' alternative arguments for dismissal, and otherwise affirmed, without costs.

Plaintiffs allege that they have standing to pursue state and federal constitutional claims against defendants-respondents (hereinafter defendants) with respect to Public Health Law § 3345, which provides that "[e]xcept for the purpose of current use by the person or animal for whom such substance was

prescribed or dispensed, it shall be unlawful for an ultimate user of controlled substances to possess such substance outside of the original container in which it was dispensed [and that] [v]iolation of this provision shall be an offense punishable by a fine of not more than fifty dollars." Plaintiff Bravo alleges that she was wrongfully arrested for violation of Public Health Law § 3345 and incurred an injury-in-fact. Plaintiff McEachnie alleges that she carries her daily medications with her in a pill organizer and believes that she could be subject to arrest and criminal prosecution under Public Health Law § 3345.

Defendants contend that plaintiff Bravo was not arrested for violating Public Health Law § 3345, but rather for violating Penal Law § 220.03, which makes it a crime for an individual to "knowingly and unlawfully" possess a controlled substance. However, Penal Law § 220.03 explicitly requires an underlying Public Health Law offense, as the word "unlawfully" is defined in Penal Law § 220.00 (2) as "in violation of article thirty-three of the public health law." Given plaintiff Bravo's allegations that she was told she was being arrested for possessing a controlled substance outside of its original container and that she incurred injuries when she was deprived of her medication following her arrest, Bravo has sufficiently pleaded that she suffered an "injury-in-fact" and that such injury falls "within the zone of interests sought to be protected by the statute" (*Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation*, 23 NY3d 1, 6 [2014]). Bravo, therefore, has standing to pursue the first five causes of action in the complaint. However, we do not reach defendants' alternative arguments for dismissal, which should be addressed in the first instance by Supreme Court.

McEachnie does not have standing to pursue the first five causes of action, as there are no allegations of a "credible threat of prosecution" (*McCollester v City of Keene, N. H.*, 668 F2d 617, 619 [1st Cir 1982]). Concur—Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.