In the Matter of CPD NY ENERGY CORP. et al., Appellants, v TOWN OF POUGHKEEPSIE PLANNING BOARD et al., Respondents, et al., Respondent. [32 NYS3d 275]—

In related proceedings pursuant to CPLR article 78 (a) to review a resolution of the respondent Town of Poughkeepsie Planning Board dated May 16, 2013, which, inter alia, granted conditional site plan approval to the respondent R&D Hotel, LLC, and to review a resolution of the respondent Town of Poughkeepsie Zoning Board of Appeals dated July 8, 2013, granting a special use permit to the respondent R&D Hotel, LLC, and (b) to review so much of a resolution of the respon-

dent Town of Poughkeepsie Zoning Board of Appeals dated October 21, 2013, as affirmed a determination of the Town of Poughkeepsie Zoning Administrator dated July 3, 2013, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Brands, J.), dated February 24, 2014, which denied the petitions and dismissed the proceedings.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents Town of Poughkeepsie Planning Board and Town of Poughkeepsie Zoning Board of Appeals and the respondent R&D Hotel, LLC, appearing separately and filing separate briefs.

The petitioners lease and operate a gas station and convenience store on certain property (hereinafter the petitioners' property) which is adjacent to property owned by the respondent R&D Hotel, LLC (hereinafter R&D). R&D proposed a redevelopment project on its property to remove existing hotel structures and create and lease four new buildings, along with new parking and utilities, for a fast food restaurant, a fueling station with a kiosk for staff, a bank/retail building, and a three-story hotel. The petitioners commenced two CPLR article 78 proceedings challenging determinations made by the respondents Town of Poughkeepsie Planning Board and Town of Poughkeepsie Zoning Board of Appeals with regard to the proposed project. The Supreme Court denied the petitions and dismissed the proceedings on the ground that the petitioners lacked standing.

Standing is a threshold determination that a person should be allowed access to the courts to adjudicate the merits of a particular dispute (*see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation*, 23 NY3d 1, 6 [2014]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]). The "[p]etitioner has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated" (*Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation*, 23 NY3d at 6; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 772-773). "In land use matters, moreover, petitioner 'must show that it would suffer direct harm, injury that is in some way different from that of the public at large' " (*Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation*, 23 NY3d at 6, quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 774).

An allegation of close proximity may give rise to an inference of damage or injury that enables a nearby property owner to

challenge a land use decision without proof of actual injury. However, this does not entitle the property owner to judicial review in every instance (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]). Rather, in addition to establishing that the effect of the proposed change is different from that suffered by the public generally, the petitioner must establish that the interest asserted is arguably within the zone of interests the statute protects (*see id.* at 414). Thus, "even where petitioner's premises are physically close to the subject property, an ad hoc determination may be required as to whether a particular petitioner itself has a legally protectable interest so as to confer standing" (*id.*).

Here, the petitioners alleged standing on the basis of proximity, issues and interests within the zone of interests, and adverse impacts, including but not limited to, traffic impacts, impacts arising from issues of compliance with the land use laws, rules, regulations, and procedures of the town, community character impacts, and access issues related to an interconnection between the subject property and the petitioners' property.

The Supreme Court properly determined that the petitioners failed to establish standing on the basis of alleged traffic impacts, impacts arising from issues of compliance, or community character impacts, as the petitioners failed to establish any harm distinct from that of the community at large. Moreover, the court properly determined that the petitioners did not have standing on the basis of any alleged access issues related to an interconnection between the subject property and their own, because they failed to establish any right of access to the interconnection and, in any event, failed to allege any potential adverse impact of the interconnection's closure.

Accordingly, the Supreme Court properly denied the petitions and dismissed the proceedings on the basis of the petitioners' lack of standing.

In light of our determination, we need not reach the parties' remaining contentions. Austin, J.P., Cohen, Miller and Duffy, JJ., concur.