Mulvey, J.
Appeal from a judgment of the Supreme Court (Fisher, J.), entered February 25, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents’ motion to dismiss the petition.
In 2010, then Governor David Paterson issued an executive order prohibiting respondent Department of Environmental Conservation (hereinafter DEC) from issuing permits for the use of high volume hydraulic fracturing (hereinafter HVHF) for the stimulation of oil and gas wells pending the completion of a supplemental generic environmental impact statement under the State Environmental Quality Review Act (see ECL art 8). That order was extended by Governor Andrew Cuomo in 2011 and remained in effect when petitioner, in December 2014, first wrote to respondent Commissioner of Environmental Conservation seeking permission to conduct HVHF on his properties in Allegany and Monroe Counties. Before receipt of a response, petitioner again wrote to the Commissioner in January 2015 asking whether he could apply for such a permit and whether the “ban” on HVHF applied only to commercial operations. Respondent Bradley J. Field, the Director of DEC’S Division of Mineral Resources, responded that the prohibition of HVHF applied to all owners of property rights, not to just commercial operations. Petitioner thereafter commenced this proceeding seeking to, among other things, annul the determination denying him the ability to conduct HVHF on his properties. Respondents moved to dismiss the proceeding on the ground that, among other things, petitioner lacked standing. Supreme Court granted respondents’ motion and petitioner appeals. We affirm.
We agree with Supreme Court that petitioner lacked standing to challenge the statewide prohibition on HVHF. “Standing is a threshold determination, resting in part on policy considerations, that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria” (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991] [citations omitted]; accord Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]). In order to have standing in a land use matter, petitioner must demonstrate, among other things, that he “would suffer direct *1317 harm, injury that is in some way different from that of the public at large” (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774).
At the time of commencement of this proceeding, petitioner had not applied for a permit nor offered any proof that he met any of the requirements to obtain a permit. He offered no proof of any plans to move forward with the process and conceded that any plans would necessarily involve commitments by oil and gas exploration companies, of which he had none. Petitioner’s standing at the time of filing was no different than that of any landowner in the state; thus he lacked standing to challenge the determination (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d at 9; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 778). Given his lack of standing, the remainder of petitioner’s contentions are rendered academic.
Peters, P.J., Lynch, Rose and Devine, JJ., concur.
Ordered that the judgment is affirmed, without costs.