159-MP Corp. v CAB Bedford, LLC (2020 NY Slip Op 01892)





159-MP Corp. v CAB Bedford, LLC


2020 NY Slip Op 01892


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2016-10904 
2017-05697
 (Index No. 509751/16)

[*1]159-MP Corp., etc., appellant-respondent, 
v
CAB Bedford, LLC, respondent-appellant, New York City Department of Buildings, respondent.


Klein Slowik PLLC, New York, NY (Michael S. Farber, Daniel J. Schneider, and Christopher M. Slowik of counsel), for appellant-respondent.
Seyfarth Shaw LLP, New York, NY (Jerry A. Montag of counsel), for respondent-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Jeremy W. Shweder of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, (1) the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated August 18, 2016, and (2) the plaintiff appeals, and the defendant CAB Bedford, LLC, cross-appeals, from an order of the same court dated April 28, 2017. The order dated August 18, 2016, denied the plaintiff's motion for a preliminary injunction and granted the cross motion of the defendant New York City Department of Buildings pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The order dated April 28, 2017, insofar as appealed from, granted those branches of the motion of the defendant CAB Bedford, LLC, which were pursuant to CPLR 3211(a) to dismiss the third, fifth, and sixth causes of action. The order dated April 28, 2017, insofar as cross-appealed from, denied those branches of the motion of the defendant CAB Bedford, LLC, which were pursuant to CPLR 3211(a) to dismiss the first cause of action and the second cause of action insofar as asserted against it.
ORDERED that the order dated August 18, 2016, is affirmed; and it is further,
ORDERED that the order dated April 28, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated April 28, 2017, is reversed insofar as cross-appealed from, on the law, and those branches of the motion of the defendant CAB Bedford, LLC, which were pursuant to CPLR 3211(a) to dismiss the first cause of action and the second cause of action insofar as asserted against it are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant New York City Department of Buildings, payable by the plaintiff, and one bill of costs is awarded to the defendant [*2]CAB Bedford, LLC, payable by the plaintiff.
The plaintiff operated a grocery store at property it leased located at 159 North 3rd Street in Brooklyn. The defendant CAB Bedford, LLC (hereinafter CAB), owned property located at 238-242 Bedford Avenue in Brooklyn (hereinafter the subject property), which was situated approximately 450 feet from the property leased by the plaintiff. CAB sought approval from the defendant New York City Department of Buildings (hereinafter the DOB) to change the use of the subject property from manufacturing to retail and, thereafter, to construct a large retail center on the subject property. Upon CAB's applications, the DOB issued building permits for a major alteration at the subject property.
The plaintiff commenced this action against CAB and the DOB seeking special damages against CAB (first cause of action); a judgment declaring that CAB's applications to the DOB contained material misrepresentations, that the retail center CAB intended to construct was in violation of the New York City Zoning Resolution, and that the DOB failed to comply with its duty to revoke the building permits issued to CAB (second cause of action); an injunction requiring CAB to remove and/or demolish any conditions at the retail center that were in violation of the New York City Zoning Resolution and the New York City Building Code (third cause of action); an injunction requiring the DOB to revoke all permits issued to CAB with respect to construction at the subject property (fourth cause of action); an injunction enjoining the occupancy of the retail center until CAB complied with all applicable zoning and building codes (fifth cause of action); and damages stemming from CAB's negligence in failing to comply with provisions of the New York City Building Code (sixth cause of action).
The plaintiff moved for a preliminary injunction enjoining CAB from performing any construction at the retail center or allowing occupancy of any of the spaces at the retail center pending the resolution of this action. The DOB cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order dated August 18, 2016, the Supreme Court denied the plaintiff's motion for a preliminary injunction and granted the DOB's cross motion to dismiss the complaint insofar as asserted against it for failure to state a cause of action. Thereafter, CAB moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order dated April 28, 2017, the court granted those branches of CAB's motion which were to dismiss the third, fifth, and sixth causes of action and denied those branches of CAB's motion which were to dismiss the first cause of action and the second cause of action insofar as asserted against it. The plaintiff appeals from the orders dated August 18, 2016, and April 28, 2017, and CAB cross-appeals from the order dated April 28, 2017.
With respect to the DOB's cross motion and CAB's motion, the Supreme Court determined that the plaintiff had standing to commence this action. However, the court determined that the plaintiff failed to exhaust administrative remedies with respect to the causes of action against the DOB. Further, the court determined that the third, fifth, and sixth causes of action failed to state a cause of action against CAB and denied those branches of CAB's motion which were to dismiss the first cause of action and the second cause of action insofar as asserted against it. With respect to the first cause of action, the court found that damages may be inferred given the proximity of the plaintiff's leased property to the subject property. As for the second cause of action, the court determined that there was a genuine legal controversy between the plaintiff and CAB that existed outside of the administrative process before the DOB.
Standing is a threshold determination that a person should be allowed access to the courts to adjudicate the merits of a particular dispute (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769; Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942). The plaintiff has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d at 6; Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942).
"In land use matters, . . . [the plaintiff] must show that it would suffer direct harm, injury that is in some way different from that of the public at large'" (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d at 6, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774; see Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 943). "An allegation of close proximity may give rise to an inference of damage or injury that enables a nearby property owner to challenge a land use decision without proof of actual injury" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 943-944). "However, this does not entitle the property owner to judicial review in every instance" (id. at 944; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 414). "Rather, in addition to establishing that the effect of the proposed change is different from that suffered by the public generally, the [property owner] must establish that the interest asserted is arguably within the zone of interests the statute protects" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 943; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 414). Thus, "even where [the property owner's] premises are physically close to the subject property, an ad hoc determination may be required as to whether a particular [property owner] itself has a legally protectable interest so as to confer standing" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 414; see Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 944).
Here, the plaintiff alleged standing on the basis of proximity, issues and interests within the zone of interests, and adverse impacts. We disagree with the Supreme Court's finding that the plaintiff had standing to commence this action. The plaintiff failed to allege any harm distinct from that of the community at large (cf. Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 944). Accordingly, while we agree with the determination to grant the DOB's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, that cross motion should have been granted on the ground of lack of standing. Moreover, CAB's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it should have been granted in its entirety on the ground of lack of standing.
In light of our determination, we need not consider the parties' remaining contentions.
DILLON, J.P., AUSTIN, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court