Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent (2022 NY Slip Op 01030)





Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent


2022 NY Slip Op 01030


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-06093
2018-12187
 (Index Nos. 598/17, 603/17)

[*1]In the Matter of John Veteri, et al., appellants,
v
Zoning Board of Appeals of the Town of Kent, et al., respondents. (Proceeding No. 1)
Hill & Dale Property Owners, Inc., et al., appellants, Town of Kent Zoning Board of Appeals, et al., defendants/respondents-respondents, et al., defendant/respondent. (Proceeding No. 2)


Phillip A. Grimaldi, Jr., Hawthorne, NY, for appellants in Proceeding No. 1.
Alyse D. Terhune, Tuxedo, NY, for appellants in Proceeding No. 2.
Lewis & Greer, P.C., Poughkeepsie, NY (J. Scott Greer and Regenbaum Arceiro McMillan & Burges [Veronica McMillan], of counsel), for respondent Zoning Board of Appeals of the Town of Kent in Proceeding No. 1 and defendant/respondent-respondent Town of Kent Zoning Board of Appeals in Proceeding No. 2
Polsinelli, P.C., New York, NY (Jason S. Samuels and Aaron E. Zerykier of counsel), for defendants/respondents-respondents Kent Investors II, LLC, and Titan Concrete, Inc., in Proceeding No. 2.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Kent dated July 17, 2017, which, after a hearing, vacated the determination of a Building Inspector of the Town of Kent dated May 2, 2017, that the subject property could not be used for concrete manufacturing, and a related hybrid proceeding pursuant to CPLR article 78 to review the determination dated July 17, 2017, and action for declaratory relief, the petitioners appeal, and the plaintiffs/petitioners separately appeal, from (1) an order of the Supreme Court, Putnam County (Janet C. Malone, J.), dated March 6, 2018, and (2) an order and judgment (one paper) of the same court dated July 2, 2018. The order dated March 6, 2018, denied the plaintiffs/petitioners' motion, in which the petitioners joined, pursuant to CPLR 7804(e) to compel the Zoning Board of Appeals of the Town of Kent to cure alleged omissions in a certified return. The order and judgment, insofar as appealed from, granted the objections in point of law of Titan Concrete, Inc., and Kent Investors II, LLC, that the petitioners and the plaintiffs/petitioners lacked standing, denied the petition and so much of the complaint/petition as was pursuant to CPLR article 78, and dismissed the proceeding and those portions of the proceeding/action which were [*2]pursuant to CPLR article 78.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the objections in point of law of Titan Concrete, Inc., and Kent Investors II, LLC, that the petitioners and the plaintiffs/petitioners lacked standing are denied, the petition and those portions of the complaint/petition which were pursuant to CPLR article 78 are reinstated, and the matter is remitted to the Supreme Court, Putnam County for a determination of the petition and the complaint/petition on the merits.
The appeal from the intermediate order must be dismissed because no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and we decline to grant leave to appeal in light of the entry of the order and judgment. The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
Kent Investors II, LLC (hereinafter Kent Investors), owns certain commercial property in the Town of Kent, on which a concrete batch plant operated since at least 1949. Pursuant to a 1937 zoning ordinance, the property was situated within a zoning district that prohibited the use of the property for, among other things, the manufacturing of products, unless certain conditions were met, including that fewer than five employees were engaged in such work. In 1948, the Zoning Board of Appeals of the Town of Kent (hereinafter the Zoning Board) issued a variance permitting the then-owner of the property to employ more than five people in operating a concrete manufacturing plant on the property.
Kent Investors purchased the property in 2016, and leased the property to Titan Concrete, Inc. (hereinafter Titan), to refurbish and operate the concrete plant. Following an accident during renovations, the building permit for the renovations was revoked. In February 2017, a Building Inspector for the Town noted that it had "come to [his] attention" that the use of the property for concrete manufacturing was a preexisting, nonconforming use, and the Building Inspector issued findings that the property could no longer be used for concrete manufacturing due to an extended discontinuance of that use. Thereafter, Kent Investors discovered the 1948 variance, and requested that the Building Inspector rescind his prior findings based upon the variance. However, in a determination dated May 2, 2017, the Building Inspector adhered to his determination on the ground that the 1948 variance was not a use variance. Kent Investors appealed the Building Inspector's determination to the Town of Kent Zoning Board of Appeals (hereinafter the ZBA). In a determination dated July 17, 2017, following a public hearing, the ZBA granted the appeal and vacated the Building Inspector's determination. The ZBA concluded that the 1948 variance was a use variance that runs with the land to the benefit of the current owner, and thus, the Building Inspector was empowered to reissue a building permit for the premises.
Adjacent property owners John Veteri and Robert Addonizio (hereinafter together the Veteri petitioners) commenced a CPLR article 78 proceeding to review the ZBA's determination. In addition, adjacent property owner Hill & Dale Property Owners, Inc. (hereinafter Hill & Dale), and three of its members, Kathy Kahng, Deborah Snow, and Noreen Tierney (hereinafter collectively the Hill & Dale petitioners), commenced a hybrid CPLR article 78 proceeding to review the ZBA's determination and action for declaratory relief. The proceeding and the action/proceeding were joined for all purposes.
After the ZBA submitted a verified answer with objections in point of law and a certified return (identifying the documents constituting the record of proceedings before the ZBA), the Hill & Dale petitioners moved pursuant to CPLR 7804(e) to compel the ZBA to cure alleged omissions in the certified return. The Veteri petitioners joined in the motion. In an order dated March 6, 2018, the Supreme Court denied the motion.
Thereafter, in an order and judgment dated July 2, 2018, the Supreme Court, inter alia, granted the objections in point of law of Kent Investors and Titan that the Veteri petitioners and the Hill & Dale petitioners lacked standing to challenge the ZBA's determination, denied the petition of the Veteri petitioners and dismissed the proceeding, and denied those branches of the Hill & Dale petitioners' complaint/petition which were pursuant to CPLR article 78 and dismissed those portions of the action/proceeding. The Veteri petitioners appeal, and the Hill & Dale petitioners separately appeal.
"Judicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of Yarbough v Franco, 95 NY2d 342, 347 [internal quotation marks omitted]; see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v Governor's Off. of Empl. Relations, 27 NY3d 936, 939; Matter of Bennett v Zoning Bd. of Appeals of the Vil. of Sagaponack, 170 AD3d 716, 718). The governmental body or officer whose determination is sought to be reviewed must file with the answer a certified transcript of the record of the "proceedings under consideration" (CPLR 7804[e]; see Matter of County of Rockland v Town of Clarkstown, 128 AD3d 957, 958). The court may order the body or officer to supply any defect or omission in the certified return (see CPLR 7804[e]).
Contrary to the contentions of the Veteri petitioners and the Hill & Dale petitioners, the Supreme Court properly denied the motion to compel the ZBA to cure alleged omissions in the certified return. The "proceedings under consideration" are those related to Kent Investors' appeal from the Building Inspector's determination dated May 2, 2017, and not appeals from prior determinations of the Building Inspector (id.; see Matter of Voutsinas v Schenone, 166 AD3d 634, 637-638). Thus, there was no basis for the court to compel the ZBA to enlarge the record to include documents pertaining to appeals from the prior determinations. Further, the materials concerning applications for variances made in 1998 by a prior owner of the property were not presented to the ZBA in connection with the public hearing prior to the subject determination (see Matter of Kelly v Safir, 96 NY2d 32, 39; Matter of Featherstone v Franco, 95 NY2d 550, 554; Matter of Levine v New York State Liq. Auth., 23 NY2d 863, 864; Matter of Raritan Baykeeper, Inc. v Martens, 142 AD3d 1083, 1086; Matter of Kaufman v Incorporated Vil. of Kings Point, 52 AD3d 604, 607).
To establish standing to challenge an administrative determination, a petitioner must show that it will suffer an injury-in-fact and that the alleged injury falls within the zone of interest sought to be protected by the statute (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413). In land use matters, a petitioner must show "direct harm, injury that is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774; see 159-MP Corp. v CAB Bedford, LLC, 181 AD3d 758, 761; Matter of Panevan Corp. v Town of Greenburgh, 144 AD3d 806, 807). "An allegation of close proximity may give rise to an inference of damage or injury that enables a nearby property owner to challenge a land use decision without proof of actual injury" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 943-944). "However, this does not entitle the property owner to judicial review in every instance" (id. at 944). "Rather, in addition to establishing that the effect of the proposed change is different from that suffered by the public generally, the [property owner] must establish that the interest asserted is arguably within the zone of interests the statute protects" (id.; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 414; 159-MP Corp. v CAB Bedford, LLC, 181 AD3d at 761).
Here, the Supreme Court improperly determined that the Hill & Dale petitioners and the Veteri petitioners lacked standing to challenge the ZBA's determination. The Hill & Dale petitioners alleged environmental injuries to a private lake owned by Hill & Dale, which was situated directly across from the subject property, as well as interference with recreational activities enjoyed in and around the lake, and impacts to their properties from increased noise, truck traffic, dust, and pollutants from the concrete manufacturing use. These alleged injuries were different from those suffered by the public at large (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 305-306; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 774), and fell within the zone of interests protected by the Town's zoning laws (see Matter of Sun-Brite Car [*3]Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 414; Matter of Youngewirth v Town of Ramapo Town Bd., 98 AD3d 678, 680; Matter of East Hampton Indoor Tennis Club, LLC v Zoning Bd. of Appeals of Town of E. Hampton, 83 AD3d 935, 937). Similarly, the Veteri petitioners sufficiently alleged that they would be adversely affected by the ZBA's determination and that their alleged injuries fell within the zone of interests protected by the zoning laws.
Furthermore, contrary to the Supreme Court's determination, Hill & Dale did not need to establish organizational standing, since it owned the lake across from the subject property (see Matter of Green Earth Farms Rockland, LLC v Town of Haverstraw Planning Bd., 153 AD3d 823, 826).
Accordingly, the Supreme Court erred in granting the objections in point of law that the Hill & Dale petitioners and the Veteri petitioners lacked standing, and in denying the petition and those branches of the complaint/petition which were pursuant to CPLR article 78 and dismissing the petition and those portions of the action/proceeding which were pursuant to CPLR article 78. Thus, we remit the matter to the Supreme Court, Putnam County, for a determination of the petition and the complaint/petition on the merits.
The Hill & Dale petitioners' contention that the Supreme Court should be directed, upon remittitur, to take judicial notice of certain documents is not properly before this Court (see Levine v North Shore Long Is. Jewish Healthcare Sys., Inc., 163 AD3d 644, 645; Matter of Andracchi v Reetz, 106 AD3d 734, 734-735).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court