Matter of Council of Greenburgh Civic Assns. v Town Bd. of the Town of Greenburgh (2022 NY Slip Op 01021)





Matter of Council of Greenburgh Civic Assns. v Town Bd. of the Town of Greenburgh


2022 NY Slip Op 01021


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-02895
 (Index No. 53481/18)

[*1]In the Matter of Council of Greenburgh Civic Associations, et al., appellants, 
v
Town Board of the Town of Greenburgh, et al., respondents.


Bernstein & Associates, PLLC, Scarsdale, NY (Robert B. Bernstein of counsel), for appellants.
Timothy W. Lewis, Town Attorney, Greenburgh, NY, for respondent Town Board of the Town of Greenburgh.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Lino J. Sciarretta of counsel), for respondent Formation-Shelbourne Senior Living Services, LLC.
Bertine, Hufnagel, Headley, Zeltner, Drummond & Dohn, LLP, Scarsdale, NY (Kelly M. Welch of counsel), for respondent Alfred H. Krautter.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of Greenburgh dated February 28, 2018, which granted the application of the respondent/defendant Formation-Shelbourne Senior Living Services, LLC, for a special permit related to the proposed construction of an assisted living facility, and action for related declaratory and injunctive relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 5, 2019. The order and judgment granted the separate motions of the respondents/defendants pursuant to CPLR 3211(a) to dismiss the petition/complaint, in effect, denied the petition, and dismissed the proceeding/action.
ORDERED that the order and judgment is affirmed, with one bill of costs.
The respondent/defendant Formation-Shelbourne Senior Living Services, LLC (hereinafter Formation-Shelbourne), is the prospective purchaser of certain property owned by the respondent Alfred H. Krautter and located on Underhill Road in the Town of Greenburgh. Formation-Shelbourne applied to the respondent Town Board of the Town of Greenburgh (hereinafter Town Board) for a special permit in relation to its proposed construction of an assisted living facility on the property. On February 28, 2018, after a hearing, the Town Board approved a resolution granting Foundation-Shelbourne a special permit for the project.
In March 2018, the individual petitioners/plaintiffs, who reside in the vicinity of the proposed facility, together with the petitioner/plaintiff organizations, commenced this hybrid proceeding pursuant to CPLR article 78 to review the Town Board's determination to grant the [*2]special permit and action for related declaratory and injunctive relief. The respondents/defendants separately moved pursuant to CPLR 3211(a) to dismiss the petition/complaint. By order and judgment dated February 5, 2019, the Supreme Court granted the motions to dismiss the petition/complaint, in effect, denied the petition, and dismissed the proceeding/action based on lack of standing and on the alternative ground that the proceeding/action was barred by the doctrine of collateral estoppel. The petitioners/plaintiffs appeal.
"Standing is. . . a threshold requirement for a plaintiff seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). Where standing is disputed, the "[p]etitioner has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated" (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6). In land use matters, the petitioner "'must show that it would suffer direct harm, injury that is in some way different from that of the public at large'" (id. at 6, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774; see 159-MP Corp. v CAB Bedford, LLC, 181 AD3d 758, 761).
"'An allegation of close proximity may give rise to an inference of damage or injury that enables a nearby property owner to challenge a land use decision without proof of actual injury'" (159-MP Corp. v CAB Bedford, LLC, 181 AD3d at 761, quoting Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 943-944). "Generally, the relevant distance is the distance between the petitioner's property and the actual structure or development itself, not the distance between the petitioner's property and the property line of the site" (Matter of Tuxedo Land Trust., Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 728). Here, the individual petitioners/plaintiffs failed to establish that their properties were located in sufficient proximity to the proposed development to give rise to an inference of damage or injury (see id. at 728; Matter of Long Is. Contractors' Assn. v Town of Riverhead, 17 AD3d 590, 595).
Moreover, the petitioners/plaintiffs' generalized allegations that the Town Board's determination may result in a public safety hazard failed to set forth an actual injury distinct from that suffered by the public at large (see Matter of Stewart Park & Reserve Coalition, Inc. v Town of New Windsor Zoning Bd. of Appeals, 137 AD3d 924, 926; Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d 931, 934; Matter of Long Is. Bus. Aviation Assn., Inc. v Town of Babylon, 29 AD3d 794, 795).
Since the standing of the petitioner/plaintiff organizations—Council of Greenburgh Civic Associations and Edgemont Community Council—is dependent upon the standing of the individual petitioners/plaintiffs (see Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d at 728), the petitioner/plaintiff organizations also lack standing.
In light of our determination, we need not reach the parties' remaining contention.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court