Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals (2022 NY Slip Op 06799)

Matter of Boyajian v Village of Ardsley, Zoning Bd. of Appeals

2022 NY Slip Op 06799

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-09961
 (Index No. 52790/18)

[*1]In the Matter of Armen K. Boyajian, appellant-respondent,
v
Village of Ardsley, Zoning Board of Appeals, et al., respondents-respondents, Thornwood Four Corners, LLC, respondent-appellant.

Flanagan Law, PLLC, New York, NY (Richard J. Flanagan of counsel), for appellant-respondent.
Stenger Roberts Davis & Diamond, LLP, Wappingers Falls, NY (Darren H. Fairlie of counsel), for respondent-appellant.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP, White Plains, NY (Denise M. Cossu and Robert J. Ponzini of counsel), for respondent-respondent Village of Ardsley, Zoning Board of Appeals.
John P. Varachi, White Plains, NY, for respondent-respondent Thorpe-McCartney Family Limited Partnership.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Ardsley, Zoning Board of Appeals dated January 24, 2018, the petitioner appeals, and the respondent Thornwood Four Corners, LLC, cross-appeals, from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated July 30, 2018. The order and judgment, insofar as appealed and cross-appealed from, granted the motion of the respondent Village of Ardsley, Zoning Board of Appeals for summary judgment dismissing the petition, and dismissed the proceeding.
ORDERED that the cross appeal is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents-respondents and the respondent-appellant, payable by the petitioner.
The cross appeal by the respondent Thornwood Four Corners, LLC (hereinafter Thornwood), from the order and judgment must be dismissed, as Thornwood is not aggrieved thereby (see CPLR 5511). The issues raised on the cross appeal have been considered as alternative grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539).
The respondent Thorpe-McCartney Family Limited Partnership (hereinafter Thorpe) owns the subject property located in the Village of Ardsley. Thorpe's former tenant operated a gas station on the subject property until February 2016, when it removed gasoline tanks and other equipment from the subject property and vacated. In March 2016, Thorpe leased the subject property to Thornwood for use as a gas station and convenience store. In or around September 2017, after Thornwood had applied for a building permit to erect a new gas station and convenience store on the subject property, Thornwood filed an application for interpretation with the Village of Ardsley Board of Appeals, seeking a determination as to whether the nonconforming use of the property as a gas station had been abandoned pursuant to Village of Ardsley Code (hereinafter the Village Code) § 200-100(D). The Village of Ardsley Board of Appeals referred the issue to the Village of Ardsley, Zoning Board of Appeals (hereinafter the ZBA), which thereafter determined that the nonconforming use of the subject property as a gas station had not been abandoned.
In or around February 2018, the petitioner, who owns property abutting the subject property, commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The ZBA moved for summary judgment dismissing the petition, arguing among other things, that the petitioner's claims were not ripe for judicial review and that the petitioner lacked standing. In an order and judgment dated July 30, 2018, the Supreme Court granted the motion on the ground that the ZBA's determination was not a final determination ripe for judicial review, and dismissed the petition. The petitioner appeals. We affirm, albeit on a different ground.
"'For a challenge to administrative action to be ripe, the administrative action sought to be reviewed must be final, and the anticipated harm caused by the action must be direct and immediate'" (Matter of Arcamone-Makinano v Perlmutter, 196 AD3d 479, 481, quoting Weingarten v Town of Lewisboro, 77 NY2d 926, 928). "'An administrative determination becomes "final and binding" when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies'" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d 681, 685, quoting Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194). "'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party'" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d 681, 685, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). "[T]he ripeness doctrine does not impose a threshold barrier requiring pursuit of all possible remedies that might be available through myriad government regulatory and legislative bodies" (Matter of Ward v Bennett, 79 NY2d 394, 400-401).
Here, the ZBA's determination that the nonconforming use had not been abandoned was a complete and final action, and, therefore, the petitioner's challenge was ripe for review (see id. at 400-401; Matter of Scarsdale Shopping Ctr. Assoc., LLC v Board of Appeals on Zoning for City of New Rochelle, 64 AD3d 604, 605). Although Thornwood's ultimate land use application was not resolved and was still pending before the Village Board of Trustees, the ZBA's alleged errors in determining the issue of abandonment of the nonconforming use would not be addressed by any further administrative action (see Matter of Village of Kiryas Joel v County of Orange, 181 AD3d at 685). Therefore, the Supreme Court erred in dismissing the proceeding on the ground that the controversy was not ripe for review. However, the petition and the proceeding should have been dismissed on the ground that the petitioner lacked standing.
"Standing is, of course, a threshold requirement for a plaintiff seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211; see Matter of Vasser v City of New Rochelle, 180 AD3d 691, 692). "The petitioner 'has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated'" (Vasser v City of New Rochelle, 180 AD3d at 692, quoting Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6). "In land use matters, moreover, petitioner 'must show that it would suffer direct harm, injury that is in some way different from that of the public at large'" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942, 943, quoting Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. [*2]Conservation, 23 NY3d at 6 [internal quotation marks omitted]).
"An allegation of close proximity may give rise to an inference of damage or injury that enables a nearby property owner to challenge a land use decision without proof of actual injury. However, this does not entitle the property owner to judicial review in every instance" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 943-944; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 414). "Rather, in addition to establishing that the effect of the proposed change is different from that suffered by the public generally, the petitioner must establish that the interest asserted is arguably within the zone of interests the statute protects" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 944). Here, the petitioner failed to establish his standing to challenge the ZBA's determination, as his alleged injury was solely on the basis of proximity to the subject property, and he failed to allege a direct harm or injury different from that of the public at large (see 159-MP Corp. v CAB Bedford, LLC, 181 AD3d 758, 761; Matter of City of Rye v Westchester County Bd. of Legislators, 169 AD3d 905, 906; Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 944).
Accordingly, the Supreme Court should have dismissed the petition and the proceeding on the ground of lack of standing.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court